# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LORENA GUTHRIE,** | **CASE NO. 1:18-CV-282 AWI-BAM** |
| **Plaintiff** | **ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE** |
| v. | |
| **HUGH J. HURWITZ, Acting Director, Federal Bureau of Prisons,** | (Doc. Nos. 9, 12) |
| **Defendant** | |

Plaintiff Lorena Guthrie seeks monetary and injunctive relief under Title VII against Defendant Director of the Federal Bureau of Prisons, related to her employment at the U.S. Penitentiary in Atwater, California between May 2008 to October 2009. Doc. No. 1.

Defendant has moved for dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) for Plaintiff's alleged failure to state facts sufficient to support her claims. Doc. No. 9. Instead of responding to the 12(b)(6) motion, Plaintiff filed a document entitled "First Amended Complaint." Doc. No. 11. Defendant has moved to strike this document, arguing Plaintiff violated Rule 15(a) because the case has progressed beyond the time for amendment as a matter of course, and because it was filed without the Court's leave or Defendant's consent. Doc. No. 12. Plaintiff responded to the motion to strike, conceding the Rule 15 violations. Doc. No. 14. Plaintiff included in this response a request for leave to amend, contending she "believes that she can allege the dates with more specificity and address some of the additional concerns raised by the defense." Id. Defendant replies that the Court must reject Plaintiff's request for leave to amend because she "failed to file a noticed motion with a copy of the proposed pleading." Doc. No. 15.

*Analysis*

Rule 15(a), governing amendment of the pleadings before trial, provides in relevant part:

(1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15; *Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). Generally, service of an amendment that does not comply with Rule 15 has no legal effect. Hardin v. Wal–Mart Stores, Inc., 813 F.Supp.2d 1167, 1181 (E.D. Cal. 2011) ("If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect.") (citing United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003)); see also WRIGHT AND MILLER, 6 Fed. Prac. & Proc. Civ. § 1484 Amendments with Leave of Court—In General (3d ed. 2018). Here, Plaintiff concedes the time limit for amendment as a matter of course has run, and implicitly concedes she secured neither the consent of Defendant nor leave from the Court. Thus, the document entitled "First Amended Complaint" must be stricken from the record. Hardin, 813 F.Supp.2d at 1181.

As to Defendant's Motion to Dismiss, the Court takes Plaintiff's conduct and statements in this case as non-opposition to Defendant's 12(b)(6) motion. Plaintiff did not file a response to the motion to dismiss, but instead filed the now-stricken "First Amended Complaint." In her response to the motion to strike, Plaintiff stated that she would like permission to file an amended complaint. Plaintiff states she "believes that she can allege the dates with more specificity and address some of the additional concerns raised by the defense." See Doc. No. 14 at p. 1. Given

this context, the Court will grant Defendant's motion to dismiss without prejudice.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike (Doc. No. 12) the filing entitled "First Amended Complaint"— i.e. Doc. No. 11—is GRANTED;

2. Defendant's motion to dismiss (Doc. No. 9) is GRANTED without prejudice;

3. Plaintiff will have 21 days from the date of service of this Order to file an amended complaint;

4. Upon Plaintiff's filing of an amended complaint, Defendant will be granted 45 days to respond (per Defendant's request).

IT IS SO ORDERED.

Dated: __August 20, 2018__       _____
                                  SENIOR DISTRICT JUDGE

---

[1] This odd procedural route—striking a document entitled "First Amended Complaint," then allowing for an amended complaint—is a solution to a problem of Plaintiff's own making. As discussed above, the Court cannot accept Plaintiff's "First Amended Complaint" filing (Doc. No. 11). Nor can the Court consider Plaintiff's statement in her response to the motion to strike, requesting permission to file an amended complaint, as her official request for leave to amend, as this request was not filed and noticed up as its own motion. See Fed. R. Civ. P. 7(b); Local Rule 230(b); Elseth v. Speirs, 2011 WL 4595273 at *4 (E.D. Cal. Feb. 24, 2011) ("Plaintiffs' request for leave to amend is not properly before the court, since it was not made in a noticed motion."); see also Schmidt v U.S., 749 F.3d 1064, 1068-1069 (D.C. Cir. 2014) ("Rule 15(a)—even as liberally construed—applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given.").

Further, even if the Court *could* accept this statement as her official request for leave to amend, the Court is not confident that Doc. No. 11 is the amended complaint Plaintiff would intend to submit. This is because Plaintiff indicated in Doc. No. 14 that she intends to include additional information not alleged in either the original Complaint or the now-stricken "First Amended Complaint." The problem of which version of the proposed amended complaint Plaintiff intends to rely upon demonstrates the importance of Local Rule 137(c), which requires counsel to "attach the document proposed to be filed as an exhibit to moving papers[,]" so that all parties are aware of the operative allegations and claims. Counsel for Plaintiff is advised to adhere to the Rules of Civil Procedure and the Court's Local Rules, lest he risk sanctions, including terminating sanctions, for future violations. See Local Rule 110.