1  McGREGOR W. SCOTT
   United States Attorney
2  JOSEPH B. FRUEH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  E-mail:      joseph.frueh@usdoj.gov
   Telephone: (916) 554-2702
5  Facsimile:  (916) 554-2900

6  Attorneys for Defendant
   HUGH J. HURWITZ
7  Acting Director of the Federal Bureau of Prisons

8

9              IN THE UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  LORENA GUTHRIE,                     Case No. 1:18-cv-00282-AWI-BAM

13                    Plaintiff,        **STIPULATION AND PRIVACY ACT
                                         PROTECTIVE ORDER**
14             v.

15  HUGH J. HURWITZ, Acting Director, Federal
    Bureau of Prisons,
16
                      Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATION AND PROPOSED PRIVACY ACT PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, that the parties to the above-captioned action may produce, receive, and use documents and testimony otherwise restricted by the Privacy Act, 5 U.S.C. § 552a, subject to the terms and conditions of the following Order issued pursuant to 5 U.S.C. § 552a(b)(11).[1]

### I. PURPOSE OF PRIVACY ACT PROTECTIVE ORDER

A.     Plaintiff Lorena Guthrie alleges that she experienced a hostile work environment based on her sex and in retaliation for activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (as amended) from approximately April 2008 to November 2009 while she worked at the United States Penitentiary in Atwater, California.

B.     Defendant possesses documents and information relevant to the parties' claims and defenses that likely are subject to the Privacy Act, 5 U.S.C. § 552a.  Such documents and information concern investigations into Plaintiff's conduct by the Office of Internal Affairs ("OIA") in the federal Bureau of Prisons, as well as an OIA investigation into the allegations that are the subject of this lawsuit. These documents and information include information about Plaintiff as well as personnel information regarding employees who participated in the investigations.

C.     The parties submit that the need for disclosure of the foregoing documents and information outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and the disclosed documents and information are used solely in this litigation.

D.     This Order permits Defendant to produce the specified documents and information, but does not require production.

---

[1] This court-order exception confirms that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614–15 (S.D.N.Y. 1979).  A court may permit the disclosure of records under § 552a(b)(11) where they meet the relevance standard of Rule 26 of the Federal Rules of Civil Procedure.  *See Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999) (finding "no basis" to infer that "actual need" is a prerequisite to permit disclosure under § 522(a)(b)(11), or that the Privacy Act "replaces the usual discovery standards of the FRCP . . . with a different and higher standard." (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)).

E.     This Order does not affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

F.     This Order is not a ruling on whether a particular document or category of information is discoverable or admissible.

G.     This Order does not prohibit a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

H.     This Order does not waive the right of Defendant to use, disclose, or disseminate documents or information in accordance with the Privacy Act or other statutes, regulations, or policies.

I.     The Department of Justice, the United States Attorney's Office, and the Bureau of Prisons shall bear no responsibility or liability for any disclosure made pursuant to this Order.

## II.     DISCLOSURE AND USE OF PRIVACY ACT MATERIAL

1.     Documents and information produced pursuant to this Order shall be designated by Defendant as Privacy Act Material and shall be used solely for the purpose of litigating the above-captioned action, including any appeals, and shall not be disclosed outside of discovery and court proceedings.  The parties shall comply with the provisions of Federal Rule of Civil Procedure 5.2 and Local Rules 140 and 141 with respect to redactions of documents containing Privacy Act Material and any requests to file documents containing Privacy Act Material under seal.

///
///
///
///
///
///
///
///
///
///

2. Within 60 days after the final termination of this action, including appeals, Plaintiff's counsel shall (a) destroy or return to Defendant's counsel all originals and any copies of Privacy Act Material; and (b) certify in writing that the provisions of this paragraph have been complied with. Notwithstanding this provision, Plaintiff's counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Privacy Act Material. Any such archival copies that contain or constitute Privacy Act Material remain subject to this Order.

Dated: August 27, 2019

MCGREGOR W. SCOTT
United States Attorney

By:   /s/ _Joseph B. Frueh_
JOSEPH B. FRUEH
Assistant United States Attorney

Attorneys for Defendant
HUGH J. HURWITZ
Acting Director of the Federal Bureau of Prisons

Dated: August 27, 2019

LAW OFFICE OF KEVIN G. LITTLE

By:   /s/ _Kevin G. Little_ (authorized 8/27/2019)
KEVIN G. LITTLE

Attorneys for Plaintiff
LORENA GUTHRIE

## ORDER

       The Court adopts the stipulated protective order submitted by the parties.  The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Additionally, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated:   __August 28, 2019__          ___/s/ Barbara A. McAuliffe___
                                     UNITED STATES MAGISTRATE JUDGE